OPINION
ROTH, Circuit Judge:
Omni Credit Alliance, Inc., brought suit seeking the return of $260,000 it paid to Kennedy Funding, Inc., in application and commitment fees for a loan that never closed. After a bench trial, the District Court ordered rescission of the loan agreement, finding that “both parties were engaging in subterfuge and chicanery” and *254 had breached the implied covenant of good faith and fair dealing. Kennedy has timely appealed.
The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. §§ 1291. We review the District Court’s factual findings for clear error and its evidentiary rulings for abuse of discretion. See United States v. Igbonwa, 120 F.3d 437, 440 (3d Cir.1997); Affiliated Mfrs., Inc. v. Aluminum Co. of Am., 56 F.3d 521, 525-26 (3d Cir.1995). We assume the parties’ familiarity with the factual and procedural history, which we describe only as necessary to explain our decision. We will affirm.
Kennedy argues, first, that the District Court erred by imposing a covenant of good faith to its “pre-contract negotiations” with Omni. This argument does not help Kennedy because the District Court’s decision is supported by its findings regarding Kennedy’s post-commitment agreement behavior—to wit, its failure to negotiate a final deal in good faith by (1) merely “deflecting Omni’s collateral proposals and rejecting them with little explanation” and (2) declining to “take any reasonable steps to close the loan.” Given the highly deferential standard of review, we will not disturb these findings.
Second, Kennedy argues that the District Court’s factual findings and credibility determinations lacked support in the record and that the District Court improperly shifted the burden of proof. We disagree. The District Court found that the principals of both parties lacked credibility and based its specific factual findings on these credibility determinations.
Third, Kennedy argues that the District Court abused its discretion in excluding documentary evidence concerning a concurrent and parallel loan commitment agreement in which Omni was the lender. As Omni points out, however, the District Court permitted cross-examination about the parallel loan commitment transaction, and Kennedy is hard-pressed to show any prejudice associated with the exclusion, particularly given the collateral nature of the document. At most, then, exclusion was harmless error.
Finally, Kennedy argues that the District Court erred in ordering rescission because neither party had explicitly requested that remedy. Omni’s complaint, however, invoked the Court’s equitable jurisdiction through its general request for “other relief.” Under these circumstances, the District Court was within its discretion to impose rescission where, as here, “both parties were engaging in subterfuge and chicanery” and each was “trying to scam the other.”
Accordingly, we will affirm the judgment of the District Court.